### 30138.   HESTER *v.* THE STATE.

DECIDED OCTOBER 9, 1943.

*James R. Venable, Frank A. Bowers,* for plaintiff in error.

*Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

BROYLES, C. J.   The defendant was convicted of permitting apparatus for the distilling of intoxicating liquors to be located on his premises.   The undisputed evidence showed that 'on July 11, 1942, the officers found a complete distillery in operation and whisky being then made, and the evidence further authorized the jury to find that the distillery was on land occupied and controlled by the accused.

In the brief of counsel for the plaintiff in error it is not contended, or argued, that the verdict was not authorized by the evidence, but his sole contention is that the trial court erred in allowing the prosecution to introduce evidence showing that two weeks prior to July 11, 1942, the officers found another still on the defendant's farm and cut it up.   The evidence was objected to on the ground that it put the defendant's character in issue.'   The admission of the evidence was not error.   When the evidence about the finding of the still on July 11 was introduced, a vital issue arose as to whether the defendant had knowledge of its existence on his land, he not being present at the still when it was raided; and the evidence that two weeks previously another still had been found on his farm tended to show such knowledge.   *Lewis* v. *State, 7 Ga. App.* 56 (3) (65 S. E. 1072).   The overruling of the certiorari was not error.

*Judgment affirmed.   MacIntyre and Gardner, JJ., concur.*